UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI SUE GINSBURG, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-02648 |
| NCA RECOVERY GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, LORI SUE GINSBURG ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of NCA RECOVERY GROUP, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA") for Defendant's unlawful collection activity.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 47 year old natural person residing at 1460 Arbor Vitae Road, Deerfield, Illinois, which lies in the Northern District of Illinois.

5. Due to health issues, Plaintiff is unable to work and is in the process of applying for disability income through the Social Security Administration.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Defendant is debt purchasing and debt collection company with an office located at 9700 Research Drive, Suite 100, Charlotte, North Carolina.

8. Defendant is a South Carolina limited liability corporation under file number 744185.

9. Defendant is in the business of purchasing and collecting delinquent consumer debts of others in the State of Illinois, including a debt allegedly owed by Plaintiff.

10. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSES OF ACTION

11. Several years ago, Plaintiff obtained a consumer credit card, account number 6011381015405747 ("subject consumer debt") issued through HSBC.

12. Plaintiff used the HSBC credit card for purchases related to household goods and services.

2

13. After incurring the subject consumer debt, Plaintiff defaulted on her obligations to HSBC by failing to make timely payments.

14. Upon information and belief, HSBC sold the collection rights on the subject consumer debt to National Credit Adjusters, LLC ("National") who began collection activity against Plaintiff.

15. National purchased the subject consumer debt after Plaintiff had defaulted.

16. On October 17, 2011, National caused to be filed a small claims action against Plaintiff under case number 11 SC 6364 in the Circuit Court of Lake County. *See* attached Exhibit A is a true and correct copy of the docket in the small claims action.

17. National was represented by attorneys from Blitt & Gains, P.C. ("Blitt") in the small claims action.

18. The small claims action alleged that Plaintiff owed National $1,094.39 plus court costs stemming from the subject consumer debt. *See* attached Exhibit B is a true and correct copy of the Summons and Complaint filed in the small claims action.

19. National, through sworn affidavits, asserted that it was the purchaser and rightful owner of the subject consumer debt.

20. Wanting to resolve the small claims action, Plaintiff engaged the services of attorney Martin B. Schorsch ("Schorsch").

21. Schorsch and Blitt were able to reach a settlement on the subject consumer debt.

22. On November 17, 2011, Schorsch tendered money order 080567 in the amount of $600.00 to Blitt as *full settlement* (emphasis added) of the subject consumer debt and associated small claims action. *See* attached Exhibit C is a true and correct copy of a settlement letter sent to Blitt by Schorsch.

23. In exchange for the funds from Plaintiff as full payment on the subject consumer debt, National dismissed the small claims action. *See* Exhibit A.

24. Plaintiff believed that all matters were settled regarding the subject consumer debt.

25. Since paying the subject consumer debt, Plaintiff has been contacted by multiple parties wrongfully seeking payment.

26. On February 24, 2016 at 1:26 pm CST, Plaintiff received a phone call from (847) 448-0744 to her home phone number. Upon information and belief, it was Defendant that initiated the call.

27. Defendant left Plaintiff a voicemail containing a prerecorded message. On the message, Defendant stated in part, "A decision has been made on your behalf concerning a legal matter that has been filed against you."

28. Defendant requested a return call to (972) 961-4040 on the voicemail.

29. At no point during the voicemail did Defendant identify itself as a debt collector.

30. Having previously dealt with fraudulent parties collecting on the subject consumer debt, Plaintiff immediately contacted CLP.

31. On February 25, 2016 at approximately 3:00 pm CST, Plaintiff called the number left by Defendant in the voicemail with the assistance of CLP.

32. During the call, Plaintiff was connected with a female representative of Defendant.

33. After verifying Plaintiff's information, Defendant stated that it had been retained to pursue her in court for an HSBC account with a balance of $959.08.[1]

34. Defendant further threatened legal action against Plaintiff, following the threat up by stating that it only accepted checks and offered a one-time settlement of $552.66.

---

[1] Plaintiff possesses a recording of this conversation with Defendant.

35. Plaintiff asked for an address to make payment to and after being placed on hold was given, 9700 Research Drive, Suite 100, Charlotte, North Carolina 28262.

36. Plaintiff asked Defendant to email her information about the subject consumer debt and provided her email address.

37. Defendant requested that once she mailed a check, Plaintiff needed to call it back with the tracking number so that it could stop the legal action. Defendant provided a call back number of (425) 405-7122.

38. During this call, Defendant never identified itself as a debt collector to Plaintiff or disclosed to her that any information obtained will be used for the purposes of collecting a debt.

39. After ending the call, Plaintiff spoke with CLP and advised that she believed the subject consumer debt was the same HSBC account that she had been dealing with for the last several years. In order to verify this, Plaintiff called Defendant back to get additional information about the subject consumer debt.

40. Plaintiff was connected to the same representative of Defendant who this time identified herself as Jessie Carter. Defendant advised that the subject consumer debt was charged off in 2011 and opened in 2004.[2]

41. Learning that Defendant was in fact collecting on debt that had been previously paid, Plaintiff instructed CLP to bring the instant action.

42. Plaintiff has expended time and energy consulting with her attorneys as a result of Defendant's collection actions.

43. Plaintiff has suffered financial loss directly related to Defendant's collection actions.

44. Plaintiff has been misled, harmed, and harassed by Defendant's collection actions.

---

[2] Plaintiff also possesses a recording of this conversation with Defendant.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of the character, amount, or legal status of any debt. (5) The threat to take any action that cannot be legally be taken or that is not intended to be taken."
> 15 U.S.C. §§1692e, e(2), and e(5).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."
> 15 U.S.C. §§1692f and f(1).

47. Defendant violated 15 U.S.C. §§1692d, e, e(2), e(5), f, and f(1) through its debt collection actions when it attempted to collect on Plaintiff for a debt that was no longer owed. Plaintiff bargained for and satisfied the subject consumer debt with National through payment of $600.00 on November 17, 2011. In verified court filings, National asserted that it was the proper owner of the subject consumer debt. Despite showing good-faith by settling the subject consumer debt with National, Plaintiff has been subjected to unlawful and harassing collection activity at the hands of Defendant.

48. Defendant falsely stated to Plaintiff that it was the appropriate party to collect payment on the subject consumer debt. By telling Plaintiff that the subject consumer debt was still due and owing, Defendant attempted to mislead her into paying a debt she had already satisfied years

earlier. As an experienced debt collector, Plaintiff is under an affirmative obligation to verify the accounts that are placed with it. Even the most cursory investigation would have conveyed to Defendant that the subject consumer debt has been satisfied.

49. Defendant further violated the FDCPA by telling Plaintiff that a legal action had been filed against her in its voicemail and during subsequent conversations. Upon information and belief, no legal action is pending against Plaintiff regarding the subject consumer debt. Defendant knows that threats of legal action are taken particularly serious by consumers. By stating that a lawsuit had been filed against her, Defendant intended to coerce Plaintiff into paying the subject consumer debt out of fear.

50. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)

51. Defendant violated 15 U.S.C. §1692e(11) through its debt collection actions when it failed to advise Plaintiff of the above mandatory disclosures as required by the FDCPA. Defendant is obligated to inform Plaintiff that it is a debt collector that is attempting to collect on a debt. Further, Defendant must disclose that any information it gained will be used for the purpose of debt collection.

52. As a sophisticated and experienced debt collector, Defendant knows that it is required to make the above disclosures to Plaintiff in all communications. Due to the absence of these

disclosures, Defendant's contacts were misleading and sought to gain an unfair advantage over Plaintiff.

53. Using the above described tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against.

54. As plead in paragraphs 41 through 44, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, LORI SUE GINSBURG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

55. Plaintiff repeats and realleges paragraphs 1 through 54 as though fully set forth herein.

56. The TCPA states:

> "It shall be unlawful for any person within the United States, or any person outside of the United States if the recipient is with the United States to initiate any telephone calls to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)."
> 47 U.S.C. §227(b)(1)(B)

57. Defendant violated the TCPA by placing phone calls to Plaintiff's residential telephone line using a prerecorded message without her consent.

58. Plaintiff had no prior relationship with Defendant and never consented to have it contact her on her residential telephone.

59. Defendant's phone calls were engaged in for a commercial purpose.

60. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled.

WHEREFORE, Plaintiff, LORI SUE GINSBURG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

61. Plaintiff restates and realleges paragraphs 1 through 60 as though fully set forth herein.

62. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to collect on the subject consumer debt.

63. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

64. Plaintiff is a "consumer" as defined by the ICFA, 815 ILCS 505/1(e).

65. Defendant's attempts to collect on the subject consumer debt are "part of the conduct of any trade or commerce" as defined by the ICFA, 815 ILCS 505/1(f).

66. Defendant's demands for payment on debt which had already been satisfied years earlier represents the use of deception, fraud, and false pretense in an attempt to collect a debt.

67. Defendant intended that Plaintiff rely on its misrepresentations in order to procure payment of the subject consumer debt.

68. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

69. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

70. As pled in paragraphs 41 through 44, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices.

71. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, LORI SUE GINSBURG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

10

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 28, 2016                                Respectfully Submitted,


                                                s/ Nathan C. Volheim
Nathan C. Volheim, Esq., #630210
David S. Klain, Esq., #66305
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@aol.com